## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN THE MATTER OF CERTAIN ADMINISTRATIVE SUBPOENAS ISSUED BY THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION** ) ) ) ) ) ) ) ) | Case: 1:20−mc−00053 Assigned To : Howell, Beryl A. Assign. Date : 7/17/2020 Description: Misc. |
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION 100 F STREET, N.E. WASHINGTON, D.C. 20549** ) ) ) ) | |

## DECLARATION OF STEPHEN T. KAISER

### (FILED UNDER SEAL)

I, Stephen T. Kaiser, declare the following pursuant to Title 28, United States Code, Section 1746:

1.      I have personal knowledge of the facts set forth in this declaration.  If called as a witness, I would competently testify to these facts under oath.

2.      I am an attorney and investigator employed by the United States Securities and Exchange Commission's (the "Commission") Division of Enforcement.  I make this Declaration in support of the Commission's application for an order pursuant to Section 21(h)(4) of the Securities Exchange Act of 1934 (the "Application").

3.      On March 2, 2020, pursuant to Section 20(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(a)] and Section 21(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(a)], the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony in a matter entitled *In the Matter of*

*Biogenic Inc. a/k/a Biogenic Corp.*, File No. HO-13968 (the "Formal Order").  A copy of the Formal Order is attached as **Exhibit 1**.

4.      On July 17, 2020, the Commission staff prepared subpoenas pursuant to the Formal Order for service on BBVA Compass Bank, Capital One Bank (USA), N.A., Credit One Bank, Discover Financial Service, Inc., Flagstar Bank, KeyBank N.A., TLC Community Credit Union and Wells Fargo Bank, N.A. (together, the "Banks") in respect of bank and credit card accounts of Gary Youssef (a/k/a Gary Joseph), Julie Ann Youssef (a/k/a Julie Ann Fritscher or Julie Jacob), Susann Cargnino, Zachari Cargnino and/or Philip Cargnino (together the "Customers").  Copies of the subpoenas to the Banks, redacted to remove certain account number and social security number information, are attached hereto as **Exhibits 2-9**.  The information sought by the subpoenas is relevant to the matters under investigation.

5.      On July 10, 2020, the Commission authorized the Commission staff to file the Application and determined that (1) the Commission's ability to identify or trace the source or disposition of funds involved in the securities transactions at issue will be impeded without an order; (2) there is reason to believe that the acts under investigation involve the dissemination of materially false and misleading statements that remain uncorrected; and (3) the acts, practices or course of conduct under investigation involve investor losses that remain substantially uncompensated.

6.      Pursuant to the Formal Order, I am designated as an officer of the Commission to conduct the investigation authorized by the Formal Order.  Information obtained during the course of that investigation indicates the following:

7.      Biogenic Inc. a/k/a Biogenic Corp. ("Biogenic") is a private company incorporated in Michigan, with a purported place of business in Sterling Heights, Michigan.  Biogenic claims to

be a "diagnostic testing company," with offices located in Columbus, Ohio; Ottawa Lake, Michigan; and Laguna Beach, California.  It further claims to provide "innovative, non-invasive medical diagnostic devices to medical providers globally."  Since 2019, when negative articles about the company appeared on websites such as Ripoff Report, the company has changed its name and now appears to be operating as "Tek Partners Inc."

8.      Gary Faisal Youssef, a/k/a Gary Joseph is a resident of Laguna Beach, California. He is married to Julie Ann Youssef.  He has represented himself as the president and CEO of Biogenic Corp. while using the pseudonym "Gary Joseph."

9.      Julie Ann Youssef, nee Julie Ann Fritscher is a resident of Laguna Beach, California.  She is married to Gary Youssef.  She has represented herself as the "Director of Business" of Biogenic Corp. and has at times used the pseudonyms "Julie Ann" and "Julie Jacob."

10.     Susann Ashley Cargnino is a resident of Manitou Beach, Michigan.  She listed herself as "owner" and "corporate secretary" for Biogenic in bank documents and is the authorized signatory on the company's bank accounts.

11.     Philip Alan Cargnino is a resident of Manitou Beach, Michigan.  He is married to Susann Cargnino.  In 2011 Cargnino pleaded guilty to one count of wire fraud and was sentenced to 18 months in prison in an unrelated matter.

12.     Zachari Alan Cargnino is a resident of Manitou Beach, Michigan.  He is the son of Philip and Susann Cargnino.  He has been listed as an officer of "Capital Care Management LLC," an affiliated company of Biogenic.

13.     William McKenna is a resident of Denver, Colorado.  He represented himself as an employee of Biogenic and served as a sales representative.

14.     A review of wire transfer records and limited bank records indicates that at least one Customer has one or more bank accounts at each of the Banks.

**The Apparent Scheme**

15.     The investigation to date has revealed that Biogenic obtained approximately $7 million from at least 50 investors in the U.S. from approximately August 2017 to at least August 2019.

16.     Acting through oral and written communications, the Youssefs and McKenna entered into investment contracts with investors for the purchase of medical testing devices, which the company purportedly would place with medical offices and which would generate profits to investors from each test performed.

17.     The investigation reveals that the Youssefs and McKenna told investors that they were using the investors' money to purchase or manufacture the medical devices and software, place the devices in medical offices, train the staff in their use, and provide related services. Examination of the bank records reveals, however, that many investor deposits were simply withdrawn as cash or used to make payments to the Youssefs or Cargninos (and to entities that they owned or controlled), to make Ponzi-like payments to other investors, and for miscellaneous personal expenses or paid to unknown third parties.

18.     The investigation also shows that Biogenic, through the Youssefs and McKenna, provided investors with the name of fake doctors' offices and clinics where their purported equipment had been placed.  The company also provided investors with falsified records showing tests performed by the doctors' offices.  However, Biogenic failed to make more than minimal, if any, payments to investors.  When investors became wary and began asking questions and for a

return of their principal, the Youssefs made false representations about the reasons for delay and the status of the investments.

19.    Thus, information obtained during the course of the investigation tends to show that Biogenic has disseminated materially false information concerning its business and the use of investor funds and that information remains uncorrected.

20.    Analysis of corporate bank records to date reveals that Biogenic's corporate accounts controlled by Susann Cargnino made several million dollars' worth of intra-account transfers and cash withdrawals, two transfers totaling $35,000 to what appears to be one of Julie Ann Youssef's personal accounts, 14 transfers totaling $70,000 to the Youssefs or entities that they owned or controlled, and 15 transfers totaling over $472,000 to McKenna.  All these funds were derived, at least in part, from investor deposits.

21.    As the Commission does not have records for the Customers' personal accounts, the Commission is not able to trace the disposition of those investor funds.

22.    Thus, information obtained during the course of the investigation tends to show that delay in obtaining access to the Customers' financial records, or the required notice, will result in impeding the ability of the Commission to identify or trace the source or disposition of funds involved in any securities transaction.

23.    While one investor appears to have been paid out in full, most investors have lost tens or hundreds of thousands of dollars of their original principal investment.

**Reason for This Application**

24.    As noted above, the Customers, together with entities that they owned or controlled including Biogenic, appear to have received at least $7 million in investor funds.  The disposition of investor funds that the Customers received into their personal accounts is unknown.  Further

tracing of the disposition of those funds will be impeded without access to the Customers' personal bank records.  Accordingly, the Commission has reason to believe that delay in obtaining access to such financial records, or the required notice, will result in "impeding the ability of the Commission to identify or trace the source or disposition of funds involved in any securities transaction."  Exchange Act Section 21(h)(2)(A)(v) [15 U.S.C. § 78u(h) (2)(A)(v)].

25.      As noted above, Biogenic, through the Youssefs and McKenna, has allegedly made false statements to investors that remain uncorrected.  Accordingly, the Commission has reason to believe that the acts, practices, or course of conduct under investigation involve "the dissemination of materially false or misleading information concerning any security, issuer, or market, or the failure to make disclosures required under the securities laws, which remain uncorrected." Exchange Act Section 21(h)(2)(C) [15 U.S.C. § 78u(h)(2)(C)].

26.      As most investors have lost tens or hundreds of thousands of dollars in principal invested with Biogenic, they remain substantially uncompensated.  Accordingly, the Commission has reason to believe that the acts, practices, or course of conduct under investigation involve "a financial loss to investors or other persons protected under the securities laws which remains substantially uncompensated."  Exchange Act Section 21(h)(2)(C) [15 U.S.C. § 78u(h)(2)(C)].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 17, 2020 at Washington, D.C.

_____

Stephen T. Kaiser

# EXHIBIT 1

# NON-PUBLIC

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
March 2, 2020

| | |
|---|---|
| **In the Matter of**<br><br>**Biogenic Inc. a/k/a**<br>**Biogenic Corp.**<br><br>**File No. HO-13968.** | **ORDER DIRECTING PRIVATE INVESTIGATION AND DESIGNATING OFFICERS TO TAKE TESTIMONY** |

## I.

The Commission has information that tends to show that from at least January 1, 2017 through the present:

      A.      Biogenic Inc. a/k/a Biogenic Corp. ("Biogenic") is a Michigan corporation with its principal place of business listed at 13854 Lakeside Circle, 2nd Floor, #311, Sterling Heights, MI, 48313. Biogenic is not registered with the Commission in any capacity.

      B.      Tek Wellness Inc. ("Tek Wellness") is a Michigan corporation with its principal place of business listed at 13854 Lakeside Circle, 2nd Floor, #311, Sterling Heights, MI, 48313. Tek Wellness is not registered with the Commission in any capacity.

      C.      Tek Partners Inc. ("Tek Partners") is a Michigan corporation with its principal place of business listed at 13854 Lakeside Circle, 2nd Floor, #311, Sterling Heights, MI, 48313. Tek Partners is not registered with the Commission in any capacity.

      D.      In possible violation of Section 17(a) of the Securities Act, Biogenic, Tek Wellness, Tek Partners, their officers, directors, employees, partners, subsidiaries, and/or affiliates and/or other persons or entities, directly or indirectly, in the offer or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, obtaining money or property by means of untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, or engaging in transactions, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon the purchaser. As part of or in connection with these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, making false statements of material fact or failing to disclose material facts concerning, among other things, the use of investor funds, the source and amount of returns, and the safety of investments. While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may

be using any means or instruments of transportation or communication in interstate commerce or using the mails.

E.      In possible violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Biogenic, Tek Wellness, Tek Partners, their officers, directors, employees, partners, subsidiaries, and/or affiliates and/or other persons or entities, directly or indirectly, in connection with the purchase or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, making untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were or are made, not misleading, or engaging in acts, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon any person.  In connection with these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, among other things, making false statements of material fact or failing to disclose material facts concerning, among other things, the use of investor funds, the source and amount of returns, and the safety of investments.  While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

F.      In possible violation of Sections 5(a) and 5(c) of the Securities Act, Biogenic, Tek Wellness, Tek Partners, their officers, directors, employees, partners, subsidiaries, and/or affiliates, and/or other persons or entities, directly or indirectly, may have been or may be offering to sell, selling, and delivering after sale to the public, or may have been or may be offering to sell or to buy through the use or medium of any prospectus or otherwise, certain securities and investments, including but not limited to investment contracts, as to which no registration statement was or is in effect or on file with the Commission, and for which no exemption was or is available. While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be making use of any means or instruments of transportation or communication in interstate commerce or of the mails.

## II.

The Commission, deeming such acts and practices, if true, to be possible violations of Sections 5 and 17(a) of the Securities Act, Sections 10(b) of the Exchange Act, and Exchange Act Rule 10b-5, finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 20(a) of the Securities Act and Section 21(a) of the Exchange Act, that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 19(c) of the Securities Act, and Section 21(b) of the Exchange Act, that for purposes of such investigation, Melissa Hodgman, Timothy N. England, Stephen T. Kaiser, and Matthew Reisig, and each of them, are hereby designated as officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

For the Commission, by the Division of Enforcement, pursuant to delegated authority.[1]

Vanessa A. Countryman
Secretary

---

[1]  17 CFR 200.30-4(a)(13)

# EXHIBIT 2



## SUBPOENA
# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

### Biogenic Inc. (SEC File No. HO-13968)

To:  BBVA Compass
Attn:  Subpoena Research
701 32nd Street, S.
Birmingham, AL 35233

☑   **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, ENF-CPU, 6315 Bren Mar Drive, Suite 175, Alexandria, VA 22312, by July 31, 2020 at 5:00 p.m. or otherwise directed by the staff of the Commission

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By: _____     Date:   July 17, 2020

Timothy N. England
Assistant Director
U.S. Securities and Exchange Commission
100 F Street, NE, Mailstop 5561
Washington, DC 20549
(202) 551-4959

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter.  The U.S. Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:  If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

## ATTACHMENT TO SUBPOENA

July 17, 2020
(BBVA Compass)

## DEFINITIONS

A.     The following definitions apply to this attachment:

1.     The term "BBVA Compass" means BBVA Compass and all of its corporate parents, limited partners,  general partners, subsidiaries, divisions, affiliates, predecessors, successors, as well as trade names, or business names used by, or formerly used by, BBVA Compass

2.     The term "document" means all records, materials and other tangible forms of expression in your possession or custody or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including but not limited to charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, electronic mail, electronic data compilations, computer disks (or hard copies of the data contained on such disks) and other electronic media, microfilm, microfiche and storage devices.

3.     The disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other functional words.

4.     A document "concerning," "involving," "relating," "related" or "which relates" to any given subject means any communication or document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

## IDENTIFIED ACCOUNT(S)

C.     Account ██████0919 in the name of Julie Youssef <u>and</u> accounts over which Julie Youssef (██-██-2341) or any of the following persons have any control or authority (whether or not such account is in their name) are Identified Accounts for which this subpoena attachment requests records.

1.     Gary Youssef (███-██-8961);

2.     Zachari Cargnino (███-██-7307);

Subpoena Attachment
BBVA Compass
<u>Page 2 of 2</u>

   3.       Philip Cargnino (██-█-9073);

   4.       Susann Cargnino (██-█-2808); and

   5.       Bill McKenna (██-█-6006).

## DOCUMENTS TO BE PRODUCED

D.     For each Identified Account, produce the following:

   1.      Account opening documents, signature cards, documents reflecting changes made to account information, and account closing documents, if applicable.

   2.      Account statements for the period of January 1, 2017 through the present

   3.      All records of deposits, withdrawals and payments made from each account, and all supporting documentation including, but not limited to, wire confirmations, cashier checks, and copies of checks (front and back), from January 1, 2017 through the present in amounts equal to or greater than $1,000.

         For cashier checks, also provide the account identifying information of the accounts from which payments were made for the checks and the account information of accounts to which the drawn funds were ultimately transferred.[1]

   4.      An electronic file of all debits and credits in each account from January 1, 2017 through the present.  The file should identify each transaction as a debit or credit and include the corresponding account numbers, transaction date, amounts, and any other information electronically stored by the Bank with respect to the transaction.

---

[1]    Such account identifying information (limited to the name, address, account number, and type of account) is in accordance with Section 1113(g) of the RFPA and excepted from the notice requirements.

# EXHIBIT 3



## SUBPOENA
# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

### Biogenic Inc. (SEC File No. HO-13968)

To:    Capital One Bank (USA), NA
       Attn: 12070-7000 (Subpoena)
       15000 Capital One Drive
       Richmond, VA 23238-1119
       1-800-986-5708

☑    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, ENF-CPU, 6315 Bren Mar Drive, Suite 175, Alexandria, VA 22312, by July 31, 2020 at 5:00 p.m. or otherwise directed by the staff of the Commission

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By: _____        Date:   July 17, 2020
       Timothy N. England
       Assistant Director
       U.S. Securities and Exchange Commission
       100 F Street, NE, Mailstop 5561
       Washington, DC 20549
       (202) 551-4959

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter.  The U.S. Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:  If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

# ATTACHMENT TO SUBPOENA

July 17, 2020
(Capital One Bank (USA), NA)

## DEFINITIONS

A.     The following definitions apply to this attachment:

1.     The term "Capital One Bank (USA), NA" means Capital One Bank (USA), NA and all of its corporate parents, limited partners,  general partners, subsidiaries, divisions, affiliates, predecessors, successors, as well as trade names, or business names used by, or formerly used by, Capital One Bank (USA), NA

2.     The term "document" means all records, materials and other tangible forms of expression in your possession or custody or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including but not limited to charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, electronic mail, electronic data compilations, computer disks (or hard copies of the data contained on such disks) and other electronic media, microfilm, microfiche and storage devices.

3.     The disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other functional words.

4.     A document "concerning," "involving," "relating," "related" or "which relates" to any given subject means any communication or document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

## IDENTIFIED ACCOUNT(S)

C.     Accounts ███████5944 and ████████5218 in then name of Zachari Cargnino <u>and</u> accounts over which Zachari Cargnino (████-██-7307) or any of the following persons have any control or authority (whether or not such account is in their name) are Identified Accounts for which this subpoena attachment requests records.

1.     Gary Youssef (███-██-8961);

2.     Julie Youssef (███-██-2341);

Subpoena Attachment
Capital One Bank (USA), NA
Page 2 of 2

3.      Philip Cargnino (██-█-9073);

4.      Susann Cargnino (██-█-2808); and

5.      Bill McKenna (██-█-6006).

## DOCUMENTS TO BE PRODUCED

D.      For each Identified Account, produce the following:

1.      Account opening documents, signature cards, documents reflecting changes made to account information, and account closing documents, if applicable.

2.      Account statements for the period of January 1, 2017 through the present

3.      All records of deposits, withdrawals and payments made from each account, and all supporting documentation including, but not limited to, wire confirmations, cashier checks, and copies of checks (front and back), from January 1, 2017 through the present in amounts equal to or greater than $1,000.

     For cashier checks, also provide the account identifying information of the accounts from which payments were made for the checks and the account information of accounts to which the drawn funds were ultimately transferred.[1]

4.      An electronic file of all debits and credits in each account from January 1, 2017 through the present.  The file should identify each transaction as a debit or credit and include the corresponding account numbers, transaction date, amounts, and any other information electronically stored by the Bank with respect to the transaction.

---

[1]      Such account identifying information (limited to the name, address, account number, and type of account) is in accordance with Section 1113(g) of the RFPA and excepted from the notice requirements.

# EXHIBIT 4



## SUBPOENA
# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

**Biogenic Inc. (SEC File No. HO-13968)**

To:    Credit One Bank
       Attn: Litigation Support
       6801 S. Cimarron Rd.
       Las Vegas, NV  89113

☑   **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, ENF-CPU, 6315 Bren Mar Drive, Suite 175, Alexandria, VA 22312, by July 31, 2020 at 5:00 p.m. or otherwise directed by the staff of the Commission

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _____        Date:   July 17, 2020
       Timothy N. England
       Assistant Director
       U.S. Securities and Exchange Commission
       100 F Street, NE, Mailstop 5561
       Washington, DC 20549
       (202) 551-4959

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter.  The U.S. Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:  If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

## ATTACHMENT TO SUBPOENA

July 17, 2020
(Credit One Bank)

## DEFINITIONS

A.    The following definitions apply to this attachment:

1.    The term "Credit One Bank" means Credit One Bank and all of its corporate parents, limited partners,  general partners, subsidiaries, divisions, affiliates, predecessors, successors, as well as trade names, or business names used by, or formerly used by, Credit One Bank

2.    The term "document" means all records, materials and other tangible forms of expression in your possession or custody or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including but not limited to charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, electronic mail, electronic data compilations, computer disks (or hard copies of the data contained on such disks) and other electronic media, microfilm, microfiche and storage devices.

3.    The disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other functional words.

4.    A document "concerning," "involving," "relating," "related" or "which relates" to any given subject means any communication or document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

## IDENTIFIED ACCOUNT(S)

C.    Accounts over which any of the following persons have any control or authority (whether or not such account is in their name) are Identified Accounts for which this subpoena attachment requests records.

1.    Gary Youssef (██-█-8961);

2.    Julie Youssef (██-█-2341);

Subpoena Attachment
Credit One Bank
Page 2 of 2

     3.        Zachari Cargnino (███-██-7307);

     4.        Philip Cargnino (███-██-9073);

     5.        Susann Cargnino (███-██-2808); and

     6.        Bill McKenna (███-██-6006).

## DOCUMENTS TO BE PRODUCED

D.     For each Identified Account, produce the following:

     1.        Account opening documents, signature cards, documents reflecting changes made to account information, and account closing documents, if applicable.

     2.        Account statements for the period of January 1, 2017 through the present

     3.        All records of deposits, withdrawals and payments made from each account, and all supporting documentation including, but not limited to, wire confirmations, cashier checks, and copies of checks (front and back), from January 1, 2017 through the present in amounts equal to or greater than $1,000.

             For cashier checks, also provide the account identifying information of the accounts from which payments were made for the checks and the account information of accounts to which the drawn funds were ultimately transferred.[1]

     4.        An electronic file of all debits and credits in each account from January 1, 2017 through the present.  The file should identify each transaction as a debit or credit and include the corresponding account numbers, transaction date, amounts, and any other information electronically stored by the Bank with respect to the transaction.

---

[1]     Such account identifying information (limited to the name, address, account number, and type of account) is in accordance with Section 1113(g) of the RFPA and excepted from the notice requirements.

# EXHIBIT 5



### SUBPOENA
# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

**Biogenic Inc. (SEC File No. HO-13968)**

To: Discover Financial Services, Inc.
2500 Lake Cook Road
Riverwoods, IL 60015
governmentsubpoenas@discover.com
(224) 405-4972

---

☑ **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, ENF-CPU, 6315 Bren Mar Drive, Suite 175, Alexandria, VA 22312, by July 31, 2020 at 5:00 p.m. or otherwise directed by the staff of the Commission

---

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By: _____          Date:   July 17, 2020
Timothy N. England
Assistant Director
U.S. Securities and Exchange Commission
100 F Street, NE, Mailstop 5561
Washington, DC 20549
(202) 551-4959

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter.  The U.S. Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

---

NOTICE TO WITNESS:  If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

# ATTACHMENT TO SUBPOENA

July 17, 2020
(Discover Financial Services, Inc.)

## DEFINITIONS

A.    The following definitions apply to this attachment:

1.    The term "Discover Financial Services, Inc." means Discover Financial Services, Inc. and all of its corporate parents, limited partners,  general partners, subsidiaries, divisions, affiliates, predecessors, successors, as well as trade names, or business names used by, or formerly used by, Discover Financial Services, Inc.

2.    The term "document" means all records, materials and other tangible forms of expression in your possession or custody or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including but not limited to charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, electronic mail, electronic data compilations, computer disks (or hard copies of the data contained on such disks) and other electronic media, microfilm, microfiche and storage devices.

3.    The disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other functional words.

4.    A document "concerning," "involving," "relating," "related" or "which relates" to any given subject means any communication or document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

## IDENTIFIED ACCOUNT(S)

C.    Accounts over which any of the following persons have any control or authority (whether or not such account is in their name) are Identified Accounts for which this subpoena attachment requests records.

1.    Gary Youssef (■■-■-8961);

2.    Julie Youssef (■■-■-2341);

Subpoena Attachment
Discover Financial Services, Inc.
<u>Page 2 of 2</u>

      3.       Zachari Cargnino (███-██-7307);

      4.       Phillip Cargnino (███-██-9073);

      5.       Susann Cargnino (███-██-2808); and

      6.       Bill McKenna (███-██-6006).

## DOCUMENTS TO BE PRODUCED

D.      For each Identified Account, produce the following:

      1.       Account opening documents, signature cards, documents reflecting changes made to account information, and account closing documents, if applicable.

      2.       Account statements for the period of January 1, 2017 through the present

      3.       All records of deposits, withdrawals and payments made from each account, and all supporting documentation including, but not limited to, wire confirmations, cashier checks, and copies of checks (front and back), from January 1, 2017 through the present in amounts equal to or greater than $1,000.

             For cashier checks, also provide the account identifying information of the accounts from which payments were made for the checks and the account information of accounts to which the drawn funds were ultimately transferred.[1]

      4.       An electronic file of all debits and credits in each account from January 1, 2017 through the present.  The file should identify each transaction as a debit or credit and include the corresponding account numbers, transaction date, amounts, and any other information electronically stored by the Bank with respect to the transaction.

---

[1]      Such account identifying information (limited to the name, address, account number, and type of account) is in accordance with Section 1113(g) of the RFPA and excepted from the notice requirements.

# EXHIBIT 6



## SUBPOENA
# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

### Biogenic Inc. (SEC File No. HO-13968)

To:    Flagstar Bank
Attn:  Litigation Department
S-700-4
5151 Corporate Drive
Troy, MI 48098
866-456-3586

☑    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, ENF-CPU, 6315 Bren Mar Drive, Suite 175, Alexandria, VA 22312, by July 31, 2020 at 5:00 p.m. or otherwise directed by the staff of the Commission

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By:    _____    Date:   July 17, 2020
Timothy N. England
Assistant Director
U.S. Securities and Exchange Commission
100 F Street, NE, Mailstop 5561
Washington, DC 20549
(202) 551-4959

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter.  The U.S. Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:  If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

## ATTACHMENT TO SUBPOENA

July 17, 2020
(Flagstar Bank)

## DEFINITIONS

A.      The following definitions apply to this attachment:

1.      The term "Flagstar Bank" means Flagstar Bank and all of its corporate parents,
        limited partners,  general partners, subsidiaries, divisions, affiliates, predecessors,
        successors, as well as trade names, or business names used by, or formerly used by,
        Flagstar Bank

2.      The term "document" means all records, materials and other tangible forms of
        expression in your possession or custody or under your control, whether originals,
        copies, annotated copies, drafts or final versions, and however created, produced,
        stored or maintained, including but not limited to charts, lists, logs, spreadsheets,
        financial information or analyses, books, papers, files, notes, memoranda, reports,
        schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire
        messages, telephone messages, calendars, diaries, budgets, invoices, audio and video
        recordings, electronic mail, electronic data compilations, computer disks (or hard
        copies of the data contained on such disks) and other electronic media, microfilm,
        microfiche and storage devices.

3.      The disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the
        conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of
        the functional words "each," "every," "any" and "all" shall be deemed to include
        each of the other functional words.

4.      A document "concerning," "involving," "relating," "related" or "which relates" to
        any given subject means any communication or document that constitutes,
        contains, embodies, evidences, reflects, identifies, states, refers to, deals with,
        bears upon, or is in any way pertinent to that subject, including documents
        concerning the preparation of other documents.

## IDENTIFIED ACCOUNT(S)

C.      Account ████5372 in the name of Susann Cargnino and accounts over which Susann
        Cargnino (███-██-2808) any of the following persons have any control or authority
        (whether or not such account is in their name) are Identified Accounts for which this
        subpoena attachment requests records.

1.      Gary Youssef (███-██-8961);

2.      Julie Youssef (███-██-2341);

Subpoena Attachment
Flagstar Bank
Page 2 of 2

3.      Zachari Cargnino (██-██-7307);

4.      Philip Cargnino (██-██-9073); and

5.      Bill McKenna (██-██-6006).

## DOCUMENTS TO BE PRODUCED

D.      For each Identified Account, produce the following:

1.      Account opening documents, signature cards, documents reflecting changes made to account information, and account closing documents, if applicable.

2.      Account statements for the period of January 1, 2017 through the present

3.      All records of deposits, withdrawals and payments made from each account, and all supporting documentation including, but not limited to, wire confirmations, cashier checks, and copies of checks (front and back), from January 1, 2017 through the present in amounts equal to or greater than $1,000.

For cashier checks, also provide the account identifying information of the accounts from which payments were made for the checks and the account information of accounts to which the drawn funds were ultimately transferred.[1]

4.      An electronic file of all debits and credits in each account from January 1, 2017 through the present.  The file should identify each transaction as a debit or credit and include the corresponding account numbers, transaction date, amounts, and any other information electronically stored by the Bank with respect to the transaction.

---

[1]      Such account identifying information (limited to the name, address, account number, and type of account) is in accordance with Section 1113(g) of the RFPA and excepted from the notice requirements.

# EXHIBIT 7



## SUBPOENA
# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

**Biogenic Inc. (SEC File No. HO-13968)**

To:    KeyBank, N.A.
          Subpoena Processing
          OH-01-49-3001
          4900 Tiedeman Road
          Brooklyn, OH 44144
          216-357-6595

☑    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, ENF-CPU, 6315 Bren Mar Drive, Suite 175, Alexandria, VA 22312, by July 31, 2020 at 5:00 p.m. or otherwise directed by the staff of the Commission

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By: _____        Date:  July 17, 2020
      Timothy N. England
      Assistant Director
      U.S. Securities and Exchange Commission
      100 F Street, NE, Mailstop 5561
      Washington, DC 20549
      (202) 551-4959

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter.  The U.S. Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:  If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

## ATTACHMENT TO SUBPOENA

July 17, 2020
(KeyBank, NA)

## DEFINITIONS

A.    The following definitions apply to this attachment:

1.    The term "KeyBank, NA" means KeyBank, NA and all of its corporate parents, limited partners,  general partners, subsidiaries, divisions, affiliates, predecessors, successors, as well as trade names, or business names used by, or formerly used by, KeyBank, NA

2.    The term "document" means all records, materials and other tangible forms of expression in your possession or custody or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including but not limited to charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, electronic mail, electronic data compilations, computer disks (or hard copies of the data contained on such disks) and other electronic media, microfilm, microfiche and storage devices.

3.    The disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other functional words.

4.    A document "concerning," "involving," "relating," "related" or "which relates" to any given subject means any communication or document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

## IDENTIFIED ACCOUNT(S)

C.    Account ██████6861 in the name of Susan Cargnino <u>and</u> accounts over which Susan Cargnino (███-██-2808) or any of the following persons have any control or authority (whether or not such account is in their name) are Identified Accounts for which this subpoena attachment requests records.

1.    Gary Youssef (███-██-8961);

2.    Julie Youssef (███-██-2341);

Subpoena Attachment
KeyBank, NA
Page 2 of 2

     3.       Zachari Cargnino (███-██-7307);

     4.       Philip Cargnino (███-██-9073); and

     5.       Bill McKenna (███-██-6006).

## DOCUMENTS TO BE PRODUCED

D.    For each Identified Account, produce the following:

    1.    Account opening documents, signature cards, documents reflecting changes made to account information, and account closing documents, if applicable.

    2.    Account statements for the period of January 1, 2017 through the present

    3.    All records of deposits, withdrawals and payments made from each account, and all supporting documentation including, but not limited to, wire confirmations, cashier checks, and copies of checks (front and back), from January 1, 2017 through the present in amounts equal to or greater than $1,000.

        For cashier checks, also provide the account identifying information of the accounts from which payments were made for the checks and the account information of accounts to which the drawn funds were ultimately transferred.[1]

    4.    An electronic file of all debits and credits in each account from January 1, 2017 through the present.  The file should identify each transaction as a debit or credit and include the corresponding account numbers, transaction date, amounts, and any other information electronically stored by the Bank with respect to the transaction.

---

[1]    Such account identifying information (limited to the name, address, account number, and type of account) is in accordance with Section 1113(g) of the RFPA and excepted from the notice requirements.

# EXHIBIT 8



## SUBPOENA
# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

**Biogenic Inc. (SEC File No. HO-13968)**

To:    TLC Community Credit Union
Attn:  Lori Pawson
3030 S. Adrian Hwy.
Adrian, MI 49221

☑    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to
officers of the Securities and Exchange Commission, at the place, date and time specified
below:

Securities and Exchange Commission, ENF-CPU, 6315 Bren Mar Drive, Suite 175,
Alexandria, VA 22312, by July 31, 2020 at 5:00 p.m. or otherwise directed by the staff of
the Commission

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By: _____          Date:   July 17, 2020
Timothy N. England
Assistant Director
U.S. Securities and Exchange Commission
100 F Street, NE, Mailstop 5561
Washington, DC 20549
(202) 551-4959

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas
in this matter.  The U.S. Securities and Exchange Commission has issued a formal order
authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:  If you claim a witness fee or mileage, submit this subpoena with the
claim voucher.

<u>**ATTACHMENT TO SUBPOENA**</u>

July 17, 2020
(TLC Community Credit Union)

**DEFINITIONS**

A.      The following definitions apply to this attachment:

1.      The term "TLC Community Credit Union" means TLC Community Credit Union and all of its corporate parents, limited partners,  general partners, subsidiaries, divisions, affiliates, predecessors, successors, as well as trade names, or business names used by, or formerly used by, TLC Community Credit Union

2.      The term "document" means all records, materials and other tangible forms of expression in your possession or custody or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including but not limited to charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, electronic mail, electronic data compilations, computer disks (or hard copies of the data contained on such disks) and other electronic media, microfilm, microfiche and storage devices.

3.      The disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other functional words.

4.      A document "concerning," "involving," "relating," "related" or "which relates" to any given subject means any communication or document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

**IDENTIFIED ACCOUNT(S)**

C.      Account ▮▮▮▮▮4924 and ▮▮▮▮▮▮8268 in the name of Susann Cargnino <u>and</u> accounts over which Susann Cargnino ((▮▮-▮-2808) or any of the following persons have any control or authority are Identified Accounts for which this subpoena attachment requests records.

1.      Gary Youssef (▮▮-▮-8961);

2.      Julie Youssef (▮▮-▮-2341);

Subpoena Attachment
TLC Community Credit Union
Page 2 of 2

3.      Zachari Cargnino (███-██-7307);

4.      Philip Cargnino (███-██-9073);

5.      Bill McKenna (███-██-6006).

## DOCUMENTS TO BE PRODUCED

D.      For each Identified Account, produce the following:

1.      Account opening documents, signature cards, documents reflecting changes made to account information, and account closing documents, if applicable.

2.      Account statements for the period of January 1, 2017 through the present

3.      All records of deposits, withdrawals and payments made from each account, and all supporting documentation including, but not limited to, wire confirmations, cashier checks, and copies of checks (front and back), from January 1, 2017 through the present in amounts equal to or greater than $1,000.

        For cashier checks, also provide the account identifying information of the accounts from which payments were made for the checks and the account information of accounts to which the drawn funds were ultimately transferred.[1]

4.      An electronic file of all debits and credits in each account from January 1, 2017 through the present.  The file should identify each transaction as a debit or credit and include the corresponding account numbers, transaction date, amounts, and any other information electronically stored by the Bank with respect to the transaction.

---

[1]      Such account identifying information (limited to the name, address, account number, and type of account) is in accordance with Section 1113(g) of the RFPA and excepted from the notice requirements.

# EXHIBIT 9



## SUBPOENA
# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

### Biogenic Inc. (SEC File No. HO-13968)

To:   Wells Fargo Bank, N.A.
       Summons and Subpoena Processing
       1525 West W.T. Harris Blvd.
       Charlotte, NC 28262
       MAC: D1111-016

☑     **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

       Securities and Exchange Commission, ENF-CPU, 6315 Bren Mar Drive, Suite 175, Alexandria, VA 22312, by July 31, 2020 at 5:00 p.m. or otherwise directed by the staff of the Commission

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By: _____          Date:   July 17, 2020
       Timothy N. England
       Assistant Director
       U.S. Securities and Exchange Commission
       100 F Street, NE, Mailstop 5561
       Washington, DC 20549
       (202) 551-4959

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter.  The U.S. Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:  If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

## ATTACHMENT TO SUBPOENA

July 17, 2020
(Wells Fargo Bank, NA)

## DEFINITIONS

A.      The following definitions apply to this attachment:

1.      The term "Wells Fargo Bank, NA" means Wells Fargo Bank, NA and all of its corporate parents, limited partners,  general partners, subsidiaries, divisions, affiliates, predecessors, successors, as well as trade names, or business names used by, or formerly used by, Wells Fargo Bank, NA

2.      The term "document" means all records, materials and other tangible forms of expression in your possession or custody or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including but not limited to charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, electronic mail, electronic data compilations, computer disks (or hard copies of the data contained on such disks) and other electronic media, microfilm, microfiche and storage devices.

3.      The disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other functional words.

4.      A document "concerning," "involving," "relating," "related" or "which relates" to any given subject means any communication or document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

## IDENTIFIED ACCOUNT(S)

C.      Account ██████0073 in the name of Bill McKenna <u>and</u> accounts over which Bill McKenna (███-██-6006) or any of the following persons have any control or authority (whether or not such account is in their name) are Identified Accounts for which this subpoena attachment requests records.

1.      Gary Youssef (███-██-8961);

2.      Julie Youssef (███-██-2341);

Subpoena Attachment
Wells Fargo Bank, NA
Page 2 of 2

    3.      Zachari Cargnino (███-██-7307);

    4.      Philip Cargnino (███-██-9073); and

    5.      Susann Cargnino (███-██-2808).

## DOCUMENTS TO BE PRODUCED

D.    For each Identified Account, produce the following:

    1.      Account opening documents, signature cards, documents reflecting changes made to account information, and account closing documents, if applicable.

    2.      Account statements for the period of January 1, 2017 through the present

    3.      All records of deposits, withdrawals and payments made from each account, and all supporting documentation including, but not limited to, wire confirmations, cashier checks, and copies of checks (front and back), from January 1, 2017 through the present in amounts equal to or greater than $1,000.

           For cashier checks, also provide the account identifying information of the accounts from which payments were made for the checks and the account information of accounts to which the drawn funds were ultimately transferred.[1]

    4.      An electronic file of all debits and credits in each account from January 1, 2017 through the present.  The file should identify each transaction as a debit or credit and include the corresponding account numbers, transaction date, amounts, and any other information electronically stored by the Bank with respect to the transaction.

---

[1]    Such account identifying information (limited to the name, address, account number, and type of account) is in accordance with Section 1113(g) of the RFPA and excepted from the notice requirements.